## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KYLE D. EWERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL CASE NO.  04-89-JPG** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff, Kyle D. Ewert, seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits.  An Administrative Law Judge (ALJ) denied Ewert's February, 2001, application after finding that Ewert was not disabled.  That decision became final when the Appeals Council declined to review the ALJ's decision.  Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled."  A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).  The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled.  20 C.F.R. § 404.1520.  The Commissioner must determine in sequence: (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals one listed

by the Commissioner; (4) whether the claimant can perform his or her past work; and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).  If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job.  *Id*.

Plaintiff was 37 years old when the ALJ announced his decision.  He completed high school while enrolled in special education courses and worked as a press operator, sweeper truck operator, laborer, tree trimmer, service technician and manager, and carpet cleaning business manager.

The ALJ evaluated plaintiff's application through the fifth step of the sequential analysis, finding that plaintiff's medically determinable impairments (polysubstance abuse and bipolar disorder with mixed personality disorder) were severe in the sense that they had a substantial impact on his ability to work but did not meet or equal any of the impairments listed in the Social Security regulations.  The ALJ decided that ongoing drug and alcohol abuse was a material factor in plaintiff's inability to work.  The ALJ assessed residual functional capacity without considering the impact of plaintiff's substance abuse, finding that he would retain the ability to perform a limited range of medium work activity.  Specifically, the ALJ found that plaintiff could perform low-stress, simple, unskilled work with one to three-step instructions while not in direct contact with the public and while not in close proximity to coworkers.  In addition, the ALJ found that plaintiff retained a limited ability to lift items, push, pull, climb, stoop, kneel, crouch, and crawl and required a sit/stand option while performing work duties.  While these restrictions would not permit plaintiff to return to his past jobs, he was not disabled because he could perform a significant number of machine tender, commercial laundry worker, and grounds keeper jobs (R. 13-25).

Plaintiff challenges the ALJ's conclusion that substance abuse was a material factor contributing to his disability.   He seeks an order remanding his case with directions to award full benefits, arguing that no evidence could reasonably support a finding that abuse of drugs and alcohol exacerbated his other mental impairments or that the severity of those impairments would be reduced if he abstained from substance abuse.  Defendant maintains that remand is not warranted because any error in determining that substance abuse was a material factor contributing to plaintiff's disability is harmless in light of the ALJ's residual functional capacity assessment, which is supported by substantial evidence.

When drug addition or alcoholism is a material factor contributing to the disability determination, the ALJ must determine whether the claimant would still be disabled if he or she stopped abusing drugs or alcohol.  See 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535.  Generally, the issue of materiality is addressed *after* the ALJ finds that the claimant is disabled.  20 C.F.R. § 404.1535(a).

Defendant has not pointed to substantial evidence supporting the ALJ's decision that substance abuse is a material factor contributing to the disability determination.  The Court should not remand a case for further proceedings simply to obtain a perfect decision.  Rather, there must be some reason to believe that remand might lead to a different conclusion.  *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

Plaintiff presented substantial evidence of disability, including evidence of a poor ability to work with others.  These records include evidence of a long history of alcohol and drug abuse. While some records suggest that substance abuse interfered with plaintiff's ability to function and increased the severity of his other  mental health symptoms, the extent of those limitations and exacerbation cannot be discerned from the record (R. 82-83, 205, 207, 209, 211-214, 230, 233, 238,

240, 242, 243, 245-247, 254, 257, 263, 267).  There is conflicting evidence regarding plaintiff's ability to perform work functions despite his mental and physical impairments (R. 186, 191-198, 199-2, 214, 230, 261, 272).

Because the ALJ resolved the issue regarding substance abuse before plaintiff's residual functional capacity was assessed, the decision is unreliable and cannot be affirmed.  In view of the evidence supporting plaintiff's application, remand could lead to a favorable decision.  However, the Court cannot conclude from this record that plaintiff is entitled to benefits.  On remand, a reasonable ALJ might determine that plaintiff is disabled.  A reasonable ALJ might also determine that plaintiff's condition is not disabling because, despite the limitations caused by his impairments, he retains the ability to perform a significant number of jobs that would accommodate his limitations.  In these circumstances, the Court should decline to remand with instructions to award benefits.  Remand for further proceedings and a new decision is warranted.

IT IS RECOMMENDED that the Commissioner's final decision denying Kyle D. Ewert's February, 2001, application for disability benefits be REVERSED.  This case should be REMANDED for further proceedings and a new decision.  On remand, the ALJ should reevaluate plaintiff's application through the sequential evaluation process.

**SUBMITTED:   April 18, 2006   .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

-4-